IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**ERIN MOORE**                                                                                          **PLAINTIFF**

**V.**                                                        **CIVIL ACTION NO.** 3:20-cv-464-CWR-LRA

**CLARKE COUNTY, MS; SHERIFF TODD KEMP, individually
and in his official capacity as a duly commissioned Sheriff
for Clarke County, MS; CHIEF DEPUTY,
BARRY WHITE, individually and in his official capacity as
a duly commissioned Deputy for Clarke County, MS;
DEPUTY BEN IVEY, individually and in his official
capacity as a duly commissioned Deputy for Clarke County, MS,
and JOHN DOES 1-4**                                                                                  **DEFENDANTS**

## COMPLAINT
## THE PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff, Erin Moore (hereinafter "Plaintiff"), brings this suit against the Defendants; Clarke County, Mississippi, Sheriff Todd Kemp, Chief Deputy Barry White, and Deputy Ben Ivey and in support thereof states as follows:

### PARTIES

1. Plaintiff ERIN MOORE is an adult resident of the United States of America and the State of Mississippi wherein at all times material to this Complaint she resided in Meridian, Mississippi. The infliction of the named actions on ERIN MOORE (hereinafter Moore) were performed in Lauderdale County, Mississippi, and/or Clarke County, Mississippi.

2. The Defendant, Sheriff Todd Kemp, (hereinafter Sheriff Kemp) is believed to be an adult resident of Clarke County, Mississippi. At all times material hereto this Defendant, he was the Sheriff of Clarke County, Mississippi, vested with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the citizens of Clarke County, Mississippi including Erin

1

Moore while within the county. This Defendant is sued in his official and individual capacity. He may be served with lawful process at the Clarke County Sheriff's Department, 444 West Donald Street, Quitman, Mississippi 39355.

3. The Defendant CHIEF DEPUTY BARRY WHITE (hereinafter Chief Deputy White) is believed to be an adult resident citizen of Mississippi. He is sued in his official and individual capacity. At all times material hereto, he was employed by the Clarke County Sheriff's Department and supervised by Sheriff Kemp. He may be served with lawful process at the Clarke County Sheriff's Department, 444 West Donald Street, Quitman, Mississippi 39355.

4. The Defendant DEPUTY BEN IVEY (hereinafter Deputy Ivey) is believed to be an adult resident citizen of Mississippi. He is sued in his official and individual capacity. At all times material hereto, he was employed by the Clarke County Sheriff's Department and supervised by Sheriff Kemp. He may be served with lawful process at the Clarke County Sheriff's Department, 444 West Donald Street, Quitman, Mississippi 39355.

5. Fictional Defendants, John Does 1-4, are officers, deputies, or other government officials or agencies who may be identified in discovery.

6. When the word "Defendants" is used herein, it is meant to refer to all real and fictitious Defendants mentioned in the style of this Complaint.

**VENUE AND JURISDICTION**

7. Venue and jurisdiction is proper in this Court as all acts and/or omissions complained of in this Complaint arose and occurred in Lauderdale County, Mississippi, and/or Clarke County, Mississippi and this Court has original jurisdiction over the subject matter of this action and the amount in controversy exceeds its jurisdictional minimum threshold. All applicable provisions of the Mississippi Tort Claims Act have been complied with. (Copy of Mississippi Tort

Claims Act Notice Letters attached hereto are Exhibit "A" and incorporated herein for all purposes as if copied in full in words and figures.) This cause of action is brought pursuant to 42 U.S.C. § 1983 and the State claims are pendant to the Federal claim.

## FACTS

8. On or about July 27, 2019, Mrs. Moore was contacted by Ben Ivey through text message regarding the arrest of Mrs. Moore's husband and the communication with his Probation Officer.

9. That same evening Mr. Ivey asked Mrs. Moore to call him and during that phone conversation Mr. Ivey told Mrs. Moore that she could definitely work off her husband's charges with him, but it might be difficult because he was sexually attracted to her. Mr. Ivey asked Mrs. Moore to meet up with him because he had some work she could help him with since his family was out of town. The communication between Mr. Ivey and Mrs. Moore continued after the phone call through text messages. The messages were very sexual in nature and Mr. Ivey reminded Mrs. Moore several times to delete the messages from her phone.

10. Because of his persistence and her feelings of fear of what Deputy Ivey would do to negatively influence her husband's legal outcome, Mrs. Moore met up with Mr. Ivey that evening. Deputy Ivey instructed her in specific terms how dress, etc. During that meeting, Deputy Ivey coerced Mrs. Moore into performing sex acts at two (2) locations in Clarke County. Once near Clarkco and once in a travel trailer located on Deputy Ivey's father in laws land.

11. Following the sexual encounter, the drug charges against Plaintiff's husband were dismissed, purportedly at Deputy Sheriff Ivey's request as exchange for the sex.

12. On or about August 3, 2019, Mrs. Moore reported the incident to Sheriff Kemp and Chief Deputy Barry White. She brought copies of the texts to that meeting. Sheriff Kemp or Chief Deputy White shredded the texts and assured Mrs. Moore the appropriate disciplinary action would be taken. Upon

information and belief, Deputy Ivey was still being paid his salary by Clarke County at the time the Mississippi Tort Claims Act letter was served.

## MISSISSIPPI TORT CLAIMS ACT

13. On or about February 6, 2020, a written NOTICE OF CLAIM pursuant to Miss. Code Ann. § 11-46-3 et. seq. was served on Clarke County, Mississippi through the Chancery Clerk, Angie Wade Chisholm, (Please see Exhibit 1) within the required one-year statute and thereafter complied with in order to preserve all state claims that apply within the meaning of the act whether in individual or official capacities. Therefore, the Mississippi Tort Claims Act should additionally be applied to each and every Count as listed hereafter.

## ACTION FOR DEPRAVATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

14. The Plaintiff reincorporates all of the above paragraphs by reference and re-alleges the information set forth in said paragraphs. The Plaintiff makes the following allegations in Count I with respect to all Defendants.

15. At all times material hereto, these Defendants, named and unnamed, and their agents, representatives, and employees acted pursuant to policies, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy of or were pursuant to a governmental custom, usage or practice of these Defendants and their agents, representatives, and employees.

16. Defendant's violated Plaintiff's 4th, 5th, 8th, 13th, and 14th Amendment Rights under color of law and by the misuse of the power entrusted to them as law officers. As a direct and proximate consequence of these Defendants' aforementioned conduct, wherein such Defendants deprived Mrs. Moore of the

aforementioned rights guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi, Mrs. Moore has suffered humiliation, degradation, and severe emotional and mental anguish and distress. Thus, these Defendants, both named and unnamed are jointly and severally liable for the deprivation of Mrs. Moore's constitutional rights as outlined herein.

### COUNTS I, II, and III – NEGLIGENCE /MALICE/CONSPIRACY, EXTORTION

17. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

### COUNT IV – FAILURE TO ADEQUATELY TRAIN & SUPERVISE POLICE OFFICERS

18. Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

### COUNT V - NEGLIGENT HIRING, RETENTION AND FAILURE TO DISCIPLINE OR TAKE NECESSARY CORRECTIVE ACTION

19. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

20. The County and Sheriff Kemp were vested with the authority to hire, fire, transfer and discipline employees of the Clarke County Sheriff's Department.

21. On information and belief after the July 27, 2019, event of which Moore complains, the County and Sheriff Kemp did retain and did not discipline the other Defendants for their actions which created an edict, act or hostile environment that now allows all named Defendants to take the law into their own hands and leaves excessive opportunity for the abuse of their power over the citizens of Clarke County, Mississippi.

### CIVIL CONSPIRACY

22. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

23. As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the civil conspiracy to engage in conduct they knew or reasonably knew should have known was against the law and public policy of this State when the same manifested itself against the interests of Moore.

### THE COMMON LAW TORT OF OUTRAGE

24. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

25. The Defendants overall conduct on the date in question was so outrageous that it shocks the moral and legal conscious of the community.

### NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTION DISTRESS

26. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

27. The manner, method and design of the Defendants' conduct caused Moore to endure emotional and mental distress and anguish to this present day and in her future.

28. As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the negligent and intentional infliction of emotional distress and mental anguish inflicted on Moore and with which she is still living. At all times material to this Complaint, the Defendants acted with wanton and willful reckless disregard for the safety and wellbeing of Moore. Moore, is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct perpetrated on ERIN MOORE.

## PLAINTIFF'S REQUEST FOR JURY TRIAL

Plaintiff prays a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief:

    a. Permanent emotional injury;

    b. Pain and suffering;

    c. Economic damages;

    d. Out of pocket expenses;

    e. Loss of enjoyment of life;

    f. Past, present and future emotional distress and mental anguish;

    g. Court costs;

    h. Pre and post judgment Interest;

    i. Attorney's Fees;

    j. All other damages of every kind to the Plaintiff to which she is entitled by law; and

    k. All damages shown by the evidence introduced in this case, including compensatory damages and punitive damages to deter the Clarke County, Mississippi and its officials from exhibiting, conducting and continuing to use such actions as described herein upon persons within the city limits of said municipality.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that at the end of the appropriate legal time, that the following should occur:

    I. The Defendants be served with a copy of this Complaint;

II. The Defendants be required to file a written answer as called for by the Rules of Civil Procedure;

III. The Plaintiff be awarded, after a trial by jury, a judgment for actual damages, compensatory and punitive against the Defendants in the amount that the evidence would show and a jury will determine; and

IV. Any and all other legal and/or equitable relief the evidence would show and a jury will allow.

THIS the 14th day of July, 2020.

RESPECTFULLY SUBMITTED,

J. Stewart Parrish, MS BAR #10833
Of Counsel for Plaintiff

J. Stewart Parrish, MS BAR #10833
Post Office Box 823
Meridian, MS 39302
(601) 696-4400 (telephone)
(601) 696-4455 (facsimile)

Bobby Moak, MS BAR #9915
P.O. Box 242
Bogue Chitto, MS 39629
(601) 734-2566 (telephone)
(601) 734-2563 (facsimile)